09-0050-ag
Ying v. Holder

BIA
Holmes-Simmons, IJ
A095 460 193
A095 460 194

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of March, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges.*

_____

CHUN MEI YING, YI SAN HUANG,
> *Petitioners*,

> v.                                          09-0050-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]
> *Respondent.*

_____

FOR PETITIONERS:        Vlad Kuzmin, New York, N.Y.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; Vanessa Otero
                         Lefort, Attorney, Office of
                         Immigration Litigation, United States
                         Department of Justice, Washington, DC


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chun Mei Ying and her husband, Yi San Huang, natives and citizens of the People's Republic of China, seek review of a December 8, 2008, order of the BIA, affirming the February 9, 2005, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying Ying's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[2]  *In re Chun Mei Ying, Yi San Huang*, Nos. A095 460 193, A095 460 194 (B.I.A. Dec. 8, 2008), *aff'g* Nos. A095 460 193, A095 460 194 (Immig. Ct. N.Y. City Feb. 9, 2005).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both

[2]  Huang was included as a derivative on his wife's asylum application.

2

the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks removed). The applicable standards of review are well-established. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency reasonably found that Ying did not suffer past persecution when she was allegedly compelled to use an intra-uterine device ("IUD") and fined for having violated China's family planning policy.[3] Without more, the involuntary insertion of an IUD is not a per se form of persecution, and Ying failed to provide any evidence that her alleged IUD insertion involved aggravating circumstances rising to the level of persecution. *See Matter of M-F-W- &*

---

[3] Because Huang was a derivative applicant on his wife Ying's application for relief from removal, the BIA did not err in declining to consider his detention cumulatively with Ying's claimed harm. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 306 (2d Cir. 2007) (finding that "[n]othing in the general definition of refugee would permit 'any person' who has *not personally* experienced persecution or a well-founded fear of future persecution on a protected ground to obtain asylum"); *see also In re A-K-*, 24 I. & N. Dec. 275, 278 (BIA 2007) (finding that "[a]utomatically treating harm to a family member as being persecution to others within the family is inconsistent with the derivative asylum provisions").

*L-G-*, 24 I. & N. Dec. 633, 636 (BIA 2008); *Xia Fan Huang v. Holder*, 591 F.3d 124,129-30 (2d Cir. 2010). Moreover, Ying did not present any evidence before the agency that her routine family planning fine caused her any severe economic harm. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (BIA 2007); *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. at 641; *see also Guan Shan Liao v. U.S. Dep't. of Justice*, 293 F.3d 61, 70 (2d Cir. 2002). Accordingly, the agency reasonably found that Ying failed to demonstrate that she had suffered past persecution in China. *See Xia Fan Huang*, 591 F.3d at 12-30; *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. at 639-41.

Because Ying did not demonstrate that she suffered past persecution, she was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Absent past persecution, an applicant may establish eligibility for asylum by showing that she subjectively fears persecution on account of an enumerated ground and that her fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). On appeal, Ying argues that she demonstrated a well-founded fear of persecution based on her claim of past persecution. This conclusory assertion is insufficient to challenge the

4

agency's conclusion that she failed to demonstrate a well-founded fear of persecution because she remained unharmed in China for several years after family planning officials discovered her purported violation of the family planning policy. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005). Therefore, to the extent that Ying's applications for asylum, withholding of removal, and CAT relief were based on her family planning claim, we find that the agency reasonably denied those applications, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006), and we need not consider the agency's alternative finding that Ying was not credible.

Ying also argues that she established her eligibility for CAT relief based on her allegedly illegal departure from China. We note that Ying did not argue before the agency that she was eligible for CAT relief based on her illegal departure from China. Regardless, it is well-settled that the agency does not err in finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *see also Pierre v. Gonzales*, 502 F.3d 109, 118-19 (2d Cir. 2007). Because Ying

failed to provide the particularized evidence necessary to demonstrate her eligibility for CAT relief based on her allegedly illegal departure from China, the agency's denial of her application for such relief was not in error. *See Mu Xiang Lin*, 432 F.3d at 160.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6